1

2

3

4

5

6          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
7                  AT TACOMA

8   MARK ALLEN UPTON,

9                      Plaintiff,                CASE NO. C16-05073 BHS

10          v.                                   ORDER AFFIRMING THE
                                                 COMMISSIONER'S DECISION
11  CAROLYN W. COLVIN, Acting
    Commissioner of Social Security,
12
                       Defendant.
13

14                            **I. BASIC DATA**

15  Type of Benefits Sought:

16          (X) Disability Insurance

17          (X) Supplemental Security Income

18  Plaintiff's:

19          Sex: Male

20          Age: 56 at alleged onset date

21  Principal Disabilities Alleged by Plaintiff: Cervical degenerative disc disease, asthma,
    sleep apnea, carpal tunnel syndrome, depression, and anxiety
22

Disability Allegedly Began: October 27, 2012

Principal Previous Work Experience: Telemarketer and materials handler

Education Level Achieved by Plaintiff: GED

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Gordon W. Griggs:

Date of Hearing: December 20, 2013; hearing transcript AR 40-77

Date of Decision: July 14, 2014

Appears in Record at: AR 23-32

Summary of Decision:

The claimant has not engaged in substantial gainful activity since October 27, 2012, the alleged onset date. The claimant has the following severe impairments: cervical degenerative disc disease, asthma, sleep apnea, carpal tunnel syndrome, depression, and anxiety. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The claimant has the residual functional capacity to perform less than the full range of sedentary work. The claimant can do occasional reaching at overhead height. He is limited to frequent handling and fingering. He can have no more than rare (<5%) exposure to pulmonary irritants such as dust, fumes, odors, gases, pollens, airborne pollutants, and poor ventilation. He is able to adapt to a predictable work routine with no more than occasional changes. He is able to perform tasks that can normally be learned in one year or·less.

The claimant is capable of performing past relevant work as a telephone solicitor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from October 27, 2012, the alleged onset date, through the date of the decision.

1  Before Appeals Council:

2      Date of Decision: December 4, 2015

3      Appears in Record at: AR 1-6

4      Summary of Decision: Declined review

5                    **III. PROCEDURAL HISTORY—THIS COURT**

6      Jurisdiction based upon: 42 U.S.C. § 405(g)

7      Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

8                          **IV. STANDARD OF REVIEW**

9          Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's

10  denial of Social Security benefits when the ALJ's findings are based on legal error or not

11  supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d

12  1211, 1214 n.1 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than

13  a preponderance, and is such relevant evidence as a reasonable mind might accept as

14  adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

15  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for

16  determining credibility, resolving conflicts in medical testimony, and resolving any other

17  ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

18  While the Court is required to examine the record as a whole, it may neither reweigh the

19  evidence nor substitute its judgment for that of the ALJ.  *See Thomas v. Barnhart*, 278

20  F.3d 947, 954 (9th Cir. 2002).  "Where the evidence is susceptible to more than one

21  rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion

22  must be upheld."  *Id.*

**V. EVALUATING DISABILITY**

The claimant, Mark Allen Upton ("Upton"), bears the burden of proving that he is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

**VI. ISSUES ON APPEAL**

1.   Did the ALJ err by failing to develop the record regarding Upton's mental impairments?

2.   Did the ALJ err in assessing Upton's credibility?

3.   Did the ALJ err in assessing Upton's residual functional capacity ("RFC") and therefore in determining that he could perform past work at step four?

## VII. DISCUSSION

Upton appeals the Commissioner's decision denying his disability benefits, arguing that the ALJ committed several errors requiring reversal.  Dkt. 11.  The Court addresses each alleged error in turn.

**A.      Developing the Record**

Upton argues that the ALJ erred by failing to develop the record regarding Upton's mental impairments.  *Id*. at 3-5.  The Court finds no error.

An ALJ has the duty "to fully and fairly develop the record and to assure that the claimant's interests are considered."  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted).  However, it is only where the record contains "[a]mbiguous evidence" or the ALJ has found "the record is inadequate to allow for proper evaluation of the evidence" that the ALJ's duty to "conduct an appropriate inquiry" is triggered.  *Id*. (citations omitted).

Upton argues that the ALJ should have requested a psychological consultative examination to assess the full extent of Upton's depression and anxiety.  Dkt. 11 at 4. However, the record regarding Upton's mental impairments was not sufficiently ambiguous that the ALJ needed to conduct an additional inquiry.  The ALJ considered Upton's allegations about his mental impairments, found his depression and anxiety to be severe impairments, and added limitations to the RFC.  *See* AR 26, 28, 31.  The ALJ did not credit all of Upton's allegations but provided legally sufficient reasons to discount the allegations.  *See supra*, VII.B.  The ALJ is only required to consider impairments to which a claimant testifies or about which a claimant presents evidence.  *See* 20 C.F.R.

§§ 404.1512(a), 416.912(a).  Upton provided no other medical evidence of additional limitations stemming from mental impairments.

Upton notes that the ALJ stated that "documentation of psychological symptoms are not well developed."  AR 31.  However, the ALJ noting a lack of objective medical evidence provided by Upton is not the same as the evidence being ambiguous or insufficient to decide the case.  An ALJ's duty to develop the record cannot be triggered every time a claimant alleges an impairment at the hearing of which he simply failed to provide any other medical evidence in support.  While the ALJ noted that the record did not contain much documentation of mental impairments, the testimony provided was not ambiguous, and the ALJ reasonably found the record adequate to assess Upton's mental impairments.  Therefore, the ALJ did not err here.

**B.     Upton's Credibility**

Upton argues that the ALJ erred in evaluating his credibility.  Dkt. 11 at 5-6.  The Court disagrees.

Questions of credibility are solely within the control of the ALJ.  *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  The Court should not "second-guess" this credibility determination.  *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984).  To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted).  The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*.; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons

1    for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at

2    834.  That some of the reasons for discrediting a claimant's testimony should properly be

3    discounted does not render the ALJ's determination invalid, as long as that determination

4    is supported by substantial evidence. *Tonapetyan*, 242 F.3d at 1148.

5           Here, the ALJ discredited Upton's testimony because his daily activities

6    "contradict[ed] the severe degree of impairments alleged."  AR 29.  The Ninth Circuit has

7    recognized that a claimant's daily activities may form the basis of an adverse credibility

8    determination where they contradict his other testimony.  *Orn v. Astrue*, 495 F.3d 625,

9    639 (9th Cir. 2007).  Here, Upton alleged that he could sit for no more than an hour at a

10   time and stand for no more than 10 minutes without needing breaks, that he had

11   numbness in both hands that affected his gripping, that nerve damage and pain made it

12   difficult to raise his right arm, and that lack of sleep and fatigue made it difficult to

13   perform daily activities.  *See* AR 61-63, 281.  However, the record shows that Upton was

14   able to drive his car, go grocery shopping, lift up to 30 pounds, clean the house, do the

15   dishes, do laundry, and do some mowing of the yard.  *See* AR 54-55, 287, 289.  The ALJ

16   reasonably found that these activities reflected that Upton was not as functionally limited

17   as he alleged.  *See* AR 29.  Therefore, the ALJ provided a clear and convincing reason

18   supported by substantial evidence for discounting Upton's subjective complaints and did

19   not err here.

20   **C.    The ALJ's Finding at Step Four**

21          Upton argues that the ALJ's finding at step four that Upton could perform past

22   work was not supported by substantial evidence due to the errors alleged above.  Dkt. 11

1   at 7.  However, the Court found no error by the ALJ in not developing the record and

2   discrediting Upton's testimony.  *See infra*, VII.A., B.  Therefore, the RFC and resulting

3   step-four finding are supported by substantial evidence and not in error.

4                                    **VIII. ORDER**

5          Therefore, it is hereby **ORDERED** that the Commissioner's final decision is

6   **AFFIRMED**.

7          Dated this 19th day of July, 2016.

8

9   _____

10  BENJAMIN H. SETTLE
    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22